UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 20-62169-LRC |
| | : | |
| CYNTHIA ANDERSON-GRAYSON, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS,<br>Chapter 7 Trustee for the Estate of<br>Cynthia Anderson-Grayson, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | ADV. PRO. NO. 21-5127-LRC |
| | : | |
| MICHAEL L. GRAYSON, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MICHAEL L. GRAYSON**

COMES NOW S. Gregory Hays, as Chapter 7 trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Cynthia Anderson-Grayson ("**Debtor**"), and files this *Memorandum of Law in Support of Motion for Default Judgment against Defendant Michael L. Grayson* (the "**Memo**") under Rule 55(b) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure.[1]

---

[1] Unless otherwise indicated, all statutory references contained herein will be to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*; all references to a Federal Rule are to the Federal Rules of Civil Procedure; and all references to a Bankruptcy Rule are to the Federal Rules of Bankruptcy Procedure.

13125847v1

**I.     INTRODUCTION**

In this adversary proceeding, Trustee is asking the Court to avoid and return to Trustee a transfer to Defendant Michael L. Grayson ("**Defendant**") of Debtor's interest in a certain real property.

The Defendant has failed to answer the Counts made against him in the Complaint [Doc. No. 1]. As a result, and as set forth in greater detail below, Trustee is entitled to a default judgment against the Defendant under each of these Counts.[2]

**II.    PROCEDURAL HISTORY AND GENERAL FACTUAL BACKGROUND**

With respect to Trustee's *Motion for Default Judgment against Defendant Michael L. Grayson*, and as set forth in greater detail in the Complaint, the following facts and procedural history arise.

   A.     Claims Against the Defendant

Debtor initiated the above-captioned Bankruptcy Case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 4, 2020. [Complaint ¶ 7]. On April 21, 2020, the Bankruptcy Case was converted to a case under Chapter 7. *Id* at ¶ 8. Thereafter, Trustee was appointed to the Bankruptcy Case as interim Chapter 7 trustee pursuant to 11 U.S.C. § 701(a)(1). *Id* at ¶ 9. At the conclusion of the meeting of creditors, on October 6, 2020, Trustee became the permanent Chapter 7 trustee under 11 U.S.C. § 702(d). *Id* at ¶ 10.

      1.    The Property

From September of 2001 until June of 2019, Debtor was the sole owner of that certain real property with a common address of 1699 Braeburn Drive, Atlanta, DeKalb County, Georgia 30316 (the "**Property**"). *Id* at ¶ 11.

---

[2] Although Trustee sought alternative relief against the Defendant under Count II, Trustee is not, in his motion for default judgment, currently seeking a judgment against the Defendant under this Count.

2

13125847v1

2. The Transfers

On or about June 22, 2019, Debtor signed a warranty deed (the "**Deed**") transferring the Property to her son, the Defendant, for recited consideration of "$21.00 in silver coin" (the "**First Transfer**"). *Id.* at ¶ 12. The Deed through which the transfer to the Defendant was accomplished was recorded in the real property records of DeKalb County (the "**Real Estate Records**") at Deed Book 27917 beginning at Page 698 on or about November 12, 2019 (the "**Second Transfer**," and, together with the First Transfer, the "**Transfers**"). *Id.* The Deed references a real estate transfer tax of $0.00. *Id.* The Second Transfer, on November 12, 2019, occurred a little less than three months before the petition date. *Id.* at ¶ 13.

3. The Debtor's Financial Condition

On her *Schedule E/F: Creditors Who Have Unsecured Claims*, Debtor scheduled total unsecured claims of $451,634.00. *Id.* at ¶ 17. And, Debtor scheduled the Property as her only asset on her Schedule A/B, with a value of $225,000.00. *Id.* at ¶ 18. However, she made the Transfers of the Property before the petition date to the Defendant. *Id.* at ¶ 12. And, upon information and belief, Debtor's financial condition did not materially change from the date of the Transfers to the petition date. *Id.* at ¶ 19.

4. Avoidability of the Transfers

The Transfers were transfers of an interest of Debtor in the Property, and Debtor made the Transfers within two (2) years of the petition date. *Id.* at ¶¶ 21-22. Debtor was insolvent on the date of the Transfers, or she became insolvent because of the Transfers. *Id.* at ¶ 24. Indeed, just after the Transfers, Debtor scheduled total liabilities that far exceeded the value of the assets that she actually owned. *Id.* at ¶¶ 17-18. Moreover, Debtor received less than reasonably equivalent value in exchange for the Transfers. *Id.* at ¶ 23. Indeed, the face of the Deed indicates that

13125847v1

Debtor received no actual money in exchange for the Transfers because no transfer tax was paid. *Id.* at ¶ 12. And, a few months after the petition date, US Bank Trust National Association, as Trustee for the Cabana Series III Trust ("**US Bank**"), foreclosed the Defendant's interest in the Property as a result of its first priority security interest in the Property and liquidated its claim against the Property (the "**Claim**"). *Id.* at ¶ 14. The resulting foreclosure sale proceeds were greater than the Claim, and US Bank's attorneys are holding the excess proceeds in the amount of $27,235.70 (the "**Excess Proceeds**"). *Id.*

      B.      <u>The Defendant's Failure to Defend Against the Complaint</u>

On December 15, 2021, Trustee commenced this adversary proceeding by filing a Complaint [Doc. No. 1] (the "**Complaint**") against the Defendant. [Doc. No. 1]. Trustee makes claims against the Defendant in Counts I, II, III, and IV of the Complaint.[3] [Doc. No. 1].

The Summons on the Defendant (the "**Summons**") was issued on December 16, 2021. [Doc. No. 2]. On December 16, 2021, Trustee, through counsel, served the Complaint and the Summons on the Defendant. *See* [Doc. No. 3]. Counsel for Trustee filed a certificate of service evidencing the service of the Complaint and Summons on December 16, 2021. *See id.* More specifically, on December 16, 2021, Trustee, through counsel, served the Defendant via United States first class mail and certified mail, return receipt requested, by delivering copies of the Complaint and Summons to the Defendant at 2435 Haverford Way, Decatur, GA 30032. *See id.*

The envelopes through which the Summons and Complaint were served were not returned as undeliverable. Under Bankruptcy Rule 7012, the time for the Defendant to serve a responsive pleading to the Complaint was 30 days after the date of the issuance of the Summons, or January 18, 2022. On February 1, 2022, the Court entered an Order [Doc. No. 5] extending

---

[3] As previously stated, although Trustee sought alternative relief against the Defendant under Count II, he is not, in his motion for default judgment, currently seeking a judgment against the Defendant under this Count.

the Defendant's answer deadline to March 3, 2022, and on April 4, 2022, the Court entered a second Order [Doc. No. 8] again extending the Defendant's answer deadline to May 4, 2022.

Even though the Defendant twice asked the Court to extend his answer deadline, he failed to respond to Trustee's Complaint on or before May 4, 2022. So, on May 6, 2022, Trustee requested entry of default against the Defendant, and, on May 9, 2022, the Clerk of Court entered default against the Defendant. *See* [Doc. No. 10].

The Defendant has not filed or served an answer in response to the Complaint [Doc. No. 1] whether in the main bankruptcy case or in this adversary proceeding. *See* [Exhibit "A" to this Memo].

## III. ARGUMENT AND CITATION OF AUTHORITY

Trustee, in Counts I, III, and IV of the Complaint [Doc. No. 1], pleaded *prima facie* claims for relief against the Defendant. And, as set out in greater detail below, the Court should enter default judgment in favor of Trustee and against the Defendant on each of these counts.

### A. Legal Standard for Rule 55(b) Default Judgment

Rule 55(b), made applicable to this adversary proceeding under Bankruptcy Rule 7055, authorizes a court to enter a default judgment against a party who has failed to plead or otherwise defend against a complaint, following a hearing. Fed. R. Civ. P. 55(b)(2); Fed. R. Bankr. P. 7055. In considering whether to enter default judgment against a defaulted defendant, the court should take into account that a defaulted defendant is deemed to have admitted the well-pleaded facts against him. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);[4] Fed. R. Civ. P. 8(b)(6); Fed. R. Bankr. P. 7008.

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

For the reasons that follow, Counts I, III, and IV state *prima facie* claims against the Defendant, and as a result, the Court should enter a default judgment against him under each count.

> B. <u>Under Count I, Trustee Is Entitled to a Judgment Against the Defendant Because Debtor Made the Transfers to the Defendant for Less than Reasonably Equivalent Value at a Time when Debtor Was Insolvent</u>.

Under Count I, Trustee is entitled to a judgment avoiding the Transfers under 11 U.S.C. § 548(a)(1)(B) because Debtor received less than reasonably equivalent value for the Transfers, and she made the Transfers at a time when she was insolvent, or the Transfers rendered her insolvent. A count for a constructively fraudulent transfer under 11 U.S.C. § 548(a)(1)(B) sets forth a prima facie cause of action when a trustee has asserted that: (1) there was a transfer from the debtor to the plaintiff for less than reasonably equivalent value; and (2) the transfer was made at a time when the debtor was insolvent, or the transfer rendered the debtor insolvent. 11 U.S.C. § 548; *see also In re Southern Home & Ranch Supply, Inc.*, 515 B.R. 699, 703 (Bankr. N.D. Ga. 2014) (Drake, J.); *In re Southern Home & Ranch Supply, Inc.*, 2013 Bankr. LEXIS 5535, at *14-15, 2013 WL 7393247 (Bankr. N.D. Ga. Dec. 20, 2013) (Drake, J.).

By failing to answer the Complaint, the Defendant has admitted that, upon execution and recordation of the Deed, Debtor made the Transfers to the Defendant. [Complaint ¶ 12]. The Defendant has also admitted that Debtor made the Transfers less than two years before the petition date, and that the Transfers were a transfer of Debtor's interest in property (i.e., the Property). [Complaint ¶¶ 12, 13 and 21-22].

In addition, the Defendant has admitted that Debtor received less than reasonably equivalent value in exchange for the Transfers. *Id.* at ¶ 23. Specifically, the Defendant has admitted that the face of the Deed indicates that Debtor received no actual money in exchange

6

for the Transfers because no transfer tax was paid. *Id.* at ¶ 12. And, he has admitted that: (a) a few months after the petition date, US Bank foreclosed the Defendant's interest in the Property as a result of its first priority security interest in the Property and liquidated its Claim against the Property; (b) the resulting foreclosure sale proceeds were greater than US Bank's Claim;[5] and (c) and US Bank's attorneys are holding the Excess Proceeds in the amount of $27,235.70, which resulted from the foreclosure sale. *Id.* at ¶ 14. In other words, the Defendant has admitted that the Property had a value far greater than the *de minimis* amount that he paid the Debtor for it at the time of the Transfers. Moreover, the Defendant has admitted that the Debtor was insolvent on the date of the Transfers, or that she became insolvent because of the Transfers. *Id.* at ¶¶ 17-19 and 24. Indeed, the Defendant has admitted that just after the Transfers, Debtor scheduled total liabilities ($451,634.00) that far exceeded the value of the assets that she *actually* owned, and that her financial circumstances did not materially change from the date of the Transfers to the petition date. *Id.* at ¶¶ 17-19.

As a result, Trustee has proven a *prima facie* cause of action against the Defendant, and under Count I, Trustee is entitled to a judgment avoiding the Transfers under 11 U.S.C. § 548(a)(1)(B).

    A.    <u>Trustee Is Entitled to a Judgment Through which He Recovers the Interest in the Property Transferred to the Defendant Through the Transfers, or the Value of the Same, Under 11 U.S.C. § 550.</u>

Not only is Trustee entitled to avoid the Transfers, Trustee is also entitled to recover the Defendant's interest in the Property (i.e., the Excess Proceeds resulting from the foreclosure sale by US Bank), or its value, under 11 U.S.C. § 550. A trustee is entitled to recover the property interest transferred through an avoided transfer under 11 U.S.C. § 550 if he proves that a transfer

---

[5] On March 18, 2020, US Bank filed a proof of claim regarding the Claim in the amount of $186,481.40. Under Section 502(a) of the Bankruptcy Code, because no party in interest has objected to this claim, it is deemed allowed. 11 U.S.C. § 502(a).

is avoidable under various sections of the Bankruptcy Code, including 11 U.S.C. § 548, and that the defendant is (a) an initial transferee or the entity for whose benefit such transfer was made; or (b) an immediate or mediate transferee of such initial transferee.  11 U.S.C. § 550(a).  Here, the Defendant has admitted that he is the initial transferee of the Transfers and that the Transfers are avoidable.  [Complaint ¶¶ 1-37].  As a result, the Defendant is strictly liable under 11 U.S.C. § 550(a).

In sum, Trustee, under Count III, is entitled to a judgment through which he recovers the interest in the Property transferred through the Transfers (i.e., the remaining Excess Proceeds), or their value, for the benefit of Debtor's Bankruptcy Estate.

> D. <u>Trustee Is Entitled to a Judgment Determining that Trustee Stands in the Shoes of the Defendant with Respect to the Defendant's Interest in the Property Under 11 U.S.C. § 551</u>.

Finally, under Count IV, Trustee is entitled to a judgment against the Defendant declaring that Trustee "stands in the shoes" of the Defendant with respect to the avoided Transfers.  Section 551 of the Bankruptcy Code provides that "[a]ny transfer avoided under section . . . 548 . . . is preserved for the benefit of the estate but only with respect to property of the estate."  11 U.S.C. § 551.  The preservation under this section is automatic.  *See id.; see also In re Van de Kamp's Dutch Bakeries*, 908 F.2d 517 (9th Cir. 1990).  Thus, a trustee is entitled to a judgment under this code section when he proves that a transfer is avoidable and that the subject property is property of the estate.  *See, e.g., Ostrander v. Source One Financial Corp. (In re Mollison)*, 463 B.R. 169 (Bankr. D. Mass. 2012).  Here, the Defendant has admitted that he received, through the Transfers, an interest in the Property, which, after the Transfers are avoided and Trustee recovers the Property interest transferred through them, is Property of the Bankruptcy Estate.  [Complaint ¶¶ 1-37.]  And, he has admitted that the Transfers are avoidable under the

8

Bankruptcy Code. *Id*. Thus, under Count IV, Trustee is entitled to a judgment against the Defendant declaring that Trustee stands in his shoes as to any avoided transfer and that any such transfer is preserved automatically for the Bankruptcy Estate.

### IV.   CONCLUSION

In conclusion, by failing to defend against Trustee's Complaint, the Defendant admitted all the facts that Trustee pleaded against him, and he has, as a result, admitted to facts that establish *prima facie* causes of action against him under Counts I, III, and IV of the Complaint. Accordingly, Trustee is entitled to a default judgment against the Defendant under each of these Counts.

Respectfully submitted, this 18th day of August, 2022.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 303029
404-410-1220

13125847v1

## EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 20-62169-LRC |
| CYNTHIA ANDERSON-GRAYSON, | : | CHAPTER 7 |
| Debtor. | : | |
| | | |
| S. GREGORY HAYS, Chapter 7 Trustee for the Estate of Cynthia Anderson-Grayson, | : | |
| Plaintiff, | : | |
| v. | : | ADV. PRO. NO. 21-5127-LRC |
| MICHAEL L. GRAYSON, | : | |
| Defendant. | : | |

### UNSWORN DECLARATION OF COUNSEL FOR TRUSTEE

1. I am a partner of the law firm of Rountree Leitman Klein & Geer, LLC, counsel of record for S. Gregory Hays ("**Trustee**") in the above-styled adversary proceeding (the "**Adversary Proceeding**"). I have personal knowledge of the facts set forth herein.

2. Trustee commenced the Adversary Proceeding on December 15, 2021 by filing a *Complaint* [Doc. No. 1] (the "**Complaint**") against Michael L. Grayson (the "**Defendant**").

3. The Summons on the Defendant was issued on December 16, 2021. [Doc. No. 2].

4. On December 16, 2021, Trustee, through counsel, served the Complaint and the Summons on the Defendant. *See* [Doc. No. 3].

13125847v1

5. Counsel for Trustee filed a certificate of service evidencing the service of the Complaint and Summons on December 16, 2021. *See id.*

6. More specifically, on December 16, 2021, Trustee, through counsel, served the Defendant via United States first class mail and certified mail, return receipt requested, by delivering copies of the Complaint and Summons to the Defendant at 2435 Haverford Way, Decatur, GA 30032. *See id.*

7. The envelopes through which the Summons and Complaint were served were not returned as undeliverable.

8. Under Rule 7012 of the Federal Rules of Bankruptcy Procedure, the time for the Defendant to serve a responsive pleading to the Complaint was 30 days after the date of the issuance of the Summons, or January 18, 2022.

9. On February 1, 2022, the Court entered an Order [Doc. No. 5] extending the Defendant's answer deadline to March 3, 2022.

10. On April 4, 2022, the Court entered a second Order [Doc. No. 8] again extending the Defendant's answer deadline to May 4, 2022.

11. On May 6, 2022, Trustee requested entry of default against the Defendant. [Doc. No. 10]. On May 9, 2022, the Clerk of Court entered default against the Defendant

12. The Defendant has not filed or served an answer in response to the Complaint [Doc. No. 1], whether in the main bankruptcy case or in the Adversary Proceeding, within the required time.

13. Based on the facts known to me, the Defendant is not incompetent, an infant, or engaged in active military service.

[*Remainder of Page Intentionally Left Blank*]

This unsworn declaration is made under Rule 7055 of the Federal Rules of Bankruptcy Procedure and Rule 55 of the Federal Rules of Civil Procedure incorporated thereby for purposes of obtaining a default judgment against the defaulting Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 10th, 2022.

_____
Michael J. Bargar
Georgia Bar No. 645709